**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Fabricant, | No. CV-19-00029-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| A. Miranda, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's First Request for Discovery Related to Defendants' Motion for Summary Judgment. (Doc. 39.)  Plaintiff filed an Addendum to the Discovery Request on August 26, 2020.  (Doc. 40.)  Plaintiff requests certain documents and additional time after receipt of the documents to respond to Defendants' Motion for Summary Judgment.  The Court will deny Plaintiff's motion.

Rule 56(d), Fed. R. Civ. P., provides a method for delaying resolution of summary judgment when relevant facts are unavailable to the nonmovant.[1]  The Court has informed

---

[1] Rule 56(d) states:

When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P 56(d).

Plaintiff of the requirements of Rule 56(d).  (Doc. 36.)   The Court also informed Plaintiff that Rule 56(d) requires that a nonmovant identify the essential facts that it cannot present. (*See id*. (citing *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100–01 (9th Cir. 2006) (denying continuance where nonmovant did not refer to specific facts in the documents sought or explain why the information contained in them would have allowed her to demonstrate a genuine issue of material fact precluding summary judgment))). Plaintiff acknowledges that the Defendant's pending motion for summary judgment asserts that Plaintiff failed to exhaust his administrative remedies.  (Doc. 39, p. 1.)   Yet the discovery Plaintiff seeks would not produce facts essential to Plaintiff's opposition to the motion, and Plaintiff fails to explain why the information contained in these documents would show the existence of a genuine issue of material fact precluding summary judgment.

 Plaintiff seeks discovery of fifteen categories of documents in his motion (Doc. 30) and two additional categories in his addendum.  (Doc. 40.)  Item one requests the contact information for a prisoner who allegedly was ordered to assault Plaintiff.  This request is clearly not related to whether Plaintiff submitted an administrative claim and exhausted his administrative remedies.

Items two through four seek the names and addresses of each counselor, case manager and unit manager assigned to Plaintiff during his time at USP-Victorville; a copy of the USP-Victorville SHU Staff Sign In Sheet/ Log for three months in 2017; and log books showing which prisoners the counselor, case manager and/or unit manager actually visited during any visits for this same three-month period.  Plaintiff claims these items are necessary to demonstrate the number of times Plaintiff's assigned counselor, case manager and unit manager actually visited the SHU during the sixty days that Plaintiff was held there, but Plaintiff does not state how these visits are relevant to his exhaustion of his administrative remedies.

In items five, six, and nine, Plaintiff seeks printouts of all requests for administrative remedies submitted at two penitentiaries where he was housed during a two-year period,

and the logbook for informal resolution requests submitted by all prisoners in Unit L-2 during a 15½-month period. Plaintiff states that these documents are necessary to demonstrate the dearth of BP-9s filed at USP-Victorville related to SHU conditions because it is nearly impossible to obtain Informal Resolution Forms (BP-8s). Plaintiff fails to tie these requested documents to an inability on his part to obtain necessary forms to file an administrative claim.

In items seven and eight, Plaintiff seeks discovery of all emails he sent to various prison staff members and four "staff E-mail" complaints Plaintiff sent to the Bureau of Prison's Inspector General. Plaintiff states that these two items are necessary to show the lengths Plaintiff went through to be able to file Administrative Requests and to have them responded to. Again, Plaintiff fails to state how his efforts to file other claims, or the lack of response to those claims, relates to whether he did, or did not, or whether he could, or could not, file an administrative claim with respect to the pending action.

Items ten and eleven seek documents showing the population of the Victorville SHU during the time Plaintiff was housed there. Plaintiff states this information is necessary to show the number of occupants who were constantly asking for things from the SHU staff and how many inmates were supposed to be visited daily. Again, Plaintiff fails to tie these two documents to Plaintiff's own efforts to exhaust his administrative remedies with respect to this pending lawsuit.

In item twelve, Plaintiff seeks logs for April 24 and 25, 2017, showing the time the housing unit was shut down for the night. Plaintiff provides no explanation for this request. In item thirteen, Plaintiff seeks property inventories of personal items removed from his cell on April 25, 2017. Plaintiff states that the property inventory is necessary to show that he had not been given a copy of the USP-Victorville A & O Handbook. Plaintiff does not relate the Handbook to his exhaustion of his claim in this lawsuit.

In item fourteen, Plaintiff requests a photograph of a typical door on any SHU cell to demonstrate there was no place through which an inmate could speak or yell to anyone in the hallway. Plaintiff does not tie this request to exhaustion of administrative remedies.

In item fifteen, Plaintiff seeks a copy of every document from Plaintiff's prison file that was scanned to the U.S. Attorney's Office, to show that the Plaintiff did not circle certain words in a particular form. Plaintiff does not provide a reason for this request.

Items 16 and 17 (in the Addendum) request copies of all supplies requests from the SHU during all of fiscal year 2017, including paper, envelopes, pens, and administrative complaint forms, as well as records showing deliveries of supplies. Plaintiff states that these documents will allow Plaintiff to demonstrate the amounts of supplies that were delivered to the SHU during fiscal year 2017 to prove that he was constantly told by SHU staff that they were out of everything he asked for during the two months he was housed there. Documentation of supplies ordered by and delivered to Victorville would not provide proof as to whether Plaintiff did, or did not, or could, or could not, exhaust his administrative remedies. The supply and delivery records would not show whether there were *any* forms available to Plaintiff, whether he requested a form, whether he received a form, or whether he submitted a form.[2]

In sum, Plaintiff has failed to demonstrate that the requested discovery would be essential to his response to the pending motion for summary judgment as to exhaustion. Moreover, Plaintiff did not file an affidavit or declaration as required by Rule 56(d).

Plaintiff's response to the motion for summary judgment was due on August 28, 2020. The Court will allow Plaintiff two additional weeks to submit a response to the motion. The Court reminds Plaintiff that a declaration or affidavit of a witness, including himself, can serve as evidence in opposition to a motion for summary judgment.

//
//
//
//
//

---

[2] The Court further notes that much of Plaintiff's requested discovery would also be denied because it is disproportionate to the needs of the case and the burden and expense of the proposed discovery would outweigh its likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

Accordingly,

**IT IS ORDERED** that Plaintiff's First Request for Discovery Related to Defendants' Motion for Summary Judgment (Doc. 39) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's deadline to respond to the motion for summary judgment is extended to September 14, 2020.  No further extensions will be granted.

Dated this 31st day of August, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge